UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEIF C., | ) |
| Plaintiff, | ) CASE NO. C20-5733-MAT |
| v. | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |
| Defendant. | ) |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1980.[1] He has an 11th-grade education and previously worked as a fisherman, concrete mason, and RV technician. (AR 197.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -1

Plaintiff applied for DIB in September 2017. (AR 171-72.) That application was denied and Plaintiff timely requested a hearing. (AR 102-04, 108-17.)

In June 2019, ALJ Kimberly Boyce held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 32-63.) In August 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-26.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review in May 2020 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since August 23, 2015, the alleged onset date. (AR 17.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's degenerative disc disease, obstructive sleep apnea, obesity, depressive disorder, and anxiety disorder. (AR 17.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 18-19.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must

assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of performing light work with additional limitations: he can never climb ladders, ropes, or scaffolds.  He cannot work at unprotected heights or in proximity to hazards such as heavy machinery and dangerous moving parts.  He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  He can perform work in which concentrated exposure to pulmonary irritants or vibration is present.  He can understand, remember and carry out simple, routine tasks and follow short simple instructions.  He can perform work that requires little or no judgment and can perform simple duties that can be learned on the job in a short period. He can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded.  (AR 19.)  With that assessment, the ALJ found Plaintiff unable to perform past relevant work.  (AR 24.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as electrical accessories bench assembler, small products assembler, and table worker.  (AR 24-25.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means

more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting his subjective symptom testimony, (2) assessing certain medical evidence and opinions, and (3) failing to discuss the lay evidence. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

Lay evidence

The record contains statements from Plaintiff's former employer as well as a vocational consultant, who was apparently retained in the context of a personal injury lawsuit stemming from Plaintiff's 2011 car accident. (AR 184-88, 212-19, 292-99.) Plaintiff's mother-in-law and sister-in-law also wrote statements. (AR 281-90.) The ALJ did not discuss any of this evidence in the decision.

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). *But see Molina v. Astrue*, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (describing how the failure to address lay testimony may be harmless). The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

Although the Commissioner contends that the ALJ's failure to discuss the lay

evidence is harmless, the Court cannot agree as to the statements from Plaintiff's former employer and the vocational consultant. The statements from Plaintiff's family members could arguably be said to reiterate Plaintiff's own complaints, such that the ALJ's discounting of Plaintiff's testimony would apply with equal force to these statements. *See Molina*, 674 F.3d at 1120-22.

But the perspectives of Plaintiff's former employer and the vocational consultant are unique and offer a different view of Plaintiff's limitations, and therefore the ALJ's reasoning with respect to Plaintiff's testimony is not logically transferable to all of the lay statements. The vocational consultant, for example, addressed the impact of reaching and keyboarding limitations (apparently indicated in a medical opinion that was not before the ALJ). (*See* AR 186-87.) Plaintiff's former employer also discussed *inter alia* limitations as to Plaintiff's ability to lift and reach, and outlined Plaintiff's symptoms in the context of a work environment. (*See* AR 298-99.) The ALJ herself noted at the hearing that Plaintiff's case was "very well documented, especially with information from your employer" (AR 62-63), which further suggests that the employer's statement constitutes probative evidence. As such, the Court finds that the ALJ harmfully erred in failing to discuss the lay evidence, and therefore remands this case to allow the ALJ to explicitly discuss the lay statements.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's allegations because (1) the record contained many normal objective physical findings that contradict Plaintiff's allegation of disabling physical impairments, (2) the record demonstrates improvement with use of a spinal cord stimulator, (3) Plaintiff can complete his daily activities independently, and (4) his mental limitations

were primarily related to situational stressors (personal injury lawsuit, water well rights dispute with a neighbor) and improved with medication. (AR 20-23.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the ALJ's first reason for discounting his allegations— inconsistency with the objective medical record — is not sufficiently specific because the ALJ did not link this finding to any particular allegation. Dkt. 10 at 6. This argument is not persuasive: the ALJ summarized Plaintiff's physical allegations in the section preceding her evaluation of the allegations, and the Court can discern the ALJ's link between the allegations and the objective evidence. (*See* AR 20 (listing Plaintiff's alleged sitting, standing, lifting, stooping, bending, and handling limitations).) Plaintiff also argues that this reason alone could not support the ALJ's assessment of his allegations (Dkt. 10 at 6), but, as explained above, the ALJ did not rely on this reason alone.

Plaintiff goes on to argue that the ALJ overlooked physical therapy records that corroborate his allegations, but Plaintiff fails to acknowledge that these physical therapy records date prior to the placement of his spinal cord stimulator, which alleviated some of Plaintiff's symptoms. (AR 428-40.) Furthermore, the physical therapist noted that Plaintiff's reports of pain do not correspond to the imaging evidence, which raised a "red flag" in the physical therapist's mind. (AR 439.) The physical therapist's notes do not reasonably contradict the evidence explicitly discussed by the ALJ, and do not necessarily corroborate Plaintiff's allegations, and therefore Plaintiff has failed to show that the ALJ mischaracterized the evidence in assessing his allegations.

Plaintiff also disputes whether his treatment could be fairly characterized as "conservative," as the ALJ claimed. (AR 21.) The Court agrees that epidural steroid injections and a spinal cord stimulator may not constitute "conservative" treatment, but the ALJ cited substantial evidence showing that Plaintiff's symptoms did improve with these treatments, particularly the spinal cord stimulator. (AR 21-22.) Plaintiff contends that even with that improvement, some limitations still remained (Dkt. 10 at 8-9), and the ALJ's decision is not necessarily inconsistent with that contention: the ALJ's RFC assessment limits Plaintiff to light work with additional physical restrictions. (AR 19.) Plaintiff has failed to show that the ALJ erred in finding that Plaintiff's functioning improved with treatment, or in discounting his allegations on that basis. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (contrary to claimant's claims of lack of improvement, physician reported symptoms improved with use of medication).

Plaintiff also challenges the ALJ's finding that his allegations were undermined by his activities, when the ALJ did not point to any activities that significantly contradicted his allegations. Dkt. 10 at 9. The Court agrees that the ALJ's finding is not well-supported on this point. (AR 22.) This error is harmless, however, in light of the ALJ's other independent, valid reasons to discount Plaintiff's allegations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). Accordingly, the Court affirms the ALJ's assessment of Plaintiff's allegations.

/ / /

Medical evidence

Plaintiff challenges the ALJ's assessment of the medical opinion evidence. The ALJ explained that he found one of the State agency opinions to be somewhat persuasive and others to be persuasive, and found a treating doctor's September 2019 letter to be unpersuasive. (AR 23-24.) Specifically, the ALJ found the State agency opinions persuasive to the extent that they were consistent with the medical record, and found the treating doctor's letter unpersuasive because it was inconsistent with the medical record. (*Id*.)

Because Plaintiff applied for benefits after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. Under the regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2] The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation. *Id*. at (a), (b)(1)-(2). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at (c)(1)-(2). The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and

---

[2] "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review . . . in [a] claim based on their review of the evidence in your case record[.]" 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -8

other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements. *Id*. at (b)(2), (c)(3)-(5). *But see id*. at (b)(3) (where finding two or more opinions/findings about same issue equally supported and consistent with the record, but not exactly the same, ALJ will articulate how other factors were considered). Where a single medical source provides multiple opinions or findings, the ALJ conducts a single analysis and need not articulate how each opinion or finding is considered individually. *Id*. at (b)(1).

In this case, Plaintiff argues that the ALJ should have found the State agency opinions to be unpersuasive because they were unexplained, but this argument is not well-supported. The State agency consultants summarized the medical evidence considered, and identified the limitations that they found to be established by that evidence. (*See* AR 76-87, 89-101.) These opinions summarize more supporting evidence than the treating doctor's letter, which Plaintiff urges the Court to find to be better explained. (*See* AR 826.) Furthermore, in arguing that the record actually corroborates the treating doctor's opinion, Plaintiff reiterates the same arguments considered and rejected by the Court with respect to Plaintiff's allegations. *See* Dkt. 10 at 10-11. Plaintiff's alternate interpretation of the record is not sufficient to establish error in the ALJ's decision. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled.").

Plaintiff has failed to show that the ALJ's findings are not supported by substantial evidence or are unreasonable, and thus has failed to show that the ALJ erred in assessing the

medical opinions.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ shall consider and address the lay statements, and reconsider any other portions of the decision as necessary.

DATED this 12th day of February, 2021.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -10